ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| BAE Systems Land & Armaments Inc. ) | ASBCA No. 59374 |
| ) | |
| Under Contract No. W56HZV-07-C-0660 ) | |

APPEARANCES FOR THE APPELLANT:          Barbara A. Duncombe, Esq.
                                        Suzanne Sumner, Esq.
                                          Taft Stettinius & Hollister LLP
                                          Dayton, OH

                                        John G. Horan, Esq.
                                        Justin M. Ganderson, Esq.
                                          McKenna Long & Aldridge LLP
                                          Washington, DC

APPEARANCES FOR THE GOVERNMENT:         Raymond M. Saunders, Esq.
                                          Army Chief Trial Attorney
                                        CPT Tyler L. Davidson, JA
                                        Robert B. Neill, Esq.
                                          Trial Attorneys

OPINION BY ADMINISTRATIVE JUDGE NEWSOM
ON APPELLANT'S MOTION TO COMPEL THE GOVERNMENT
TO FILE A COMPLAINT

Before the Board is appellant's motion to compel the government to file the complaint in this appeal. The government opposes. For the reasons explained below, the Board grants appellant's motion. The government is directed to file the complaint no later than 30 days following the date of this decision.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

This dispute arises from the government's award of Contract No. W56HZV-07-C-0660 (contract) to BAE Systems Land & Armaments Inc. (BAE Systems or appellant). The contract was a firm-fixed-price contract to produce parts for a military vehicle. (R4, tab 1) BAE Systems subcontracted with Ibis Tek, LLC, for a portion of the work (app. supp. R4, tab 47). The contract required submission of subcontractor cost or pricing data and contained clauses for price reductions if the data were defective (R4, tab 1 at 1, 17).

The Defense Contract Audit Agency (DCAA) audited appellant's cost or pricing data and concluded that the subcontractor's cost or pricing data were defective, *i.e.*, were not current, accurate, or complete as required by the Truth in Negotiations Act, 10 U.S.C. § 2306a. DCAA recommended a price reduction (R4, tab 3 at 1-2). On 14 May 2013, the contracting officer issued a "Defective Pricing Demand Letter" seeking debt recoupment for the alleged defective pricing identified in the DCAA audit reports. The letter did not state that it was a contracting officer's final decision, nor did it include contractor appeal rights. (R4, tab 22) On 30 July 2013, BAE Systems submitted a certified claim "challeng[ing] the Government's price adjustment and demand...for alleged defective pricing" (R4, tab 29 at 1). On 24 March 2014, the contracting officer issued a final decision denying the claim (R4, tab 44 at 1, 4).

BAE Systems filed this appeal from that final decision on or about 20 June 2014 and now requests that the Board compel the government to file the complaint. Arguing that its claim is a defense to the government's allegations of defective pricing, appellant asserts that the "proceedings will benefit" from greater efficiency if the government files the initial pleading and presents the factual and legal underpinnings for its allegations of defective pricing. (App. mot. at 5-6) The government acknowledges that Board proceedings may be facilitated if the government filed a complaint with regard to its defective pricing contentions. It asserts, however, that this appeal also includes a contractor claim, and advises that "appellant is in a far better position to provide the underlying basis of its own claim" (gov't opp'n at 3).

## DECISION

Under the unique procedural requirements of the Contract Disputes Act (CDA), all claims, whether contractor or government claims, must be the subject of a contracting officer's final decision. 41 U.S.C. § 7103. The contractor, however, is the only party who may initiate proceedings at the Board, 41 U.S.C. § 7104, and Board Rule 6(a) requires the appellant to file the complaint in an appeal. If the contractor appeals from a final decision on a government claim, the contractor typically presents in the complaint enough information about the government claim to form a sufficient predicate for its response.

In appropriate cases, the Board may exercise its discretion to direct the government to file the complaint, if doing so will facilitate efficient resolution of the appeal. *Beechcraft Def. Co.*, ASBCA No. 59173, 14-1 BCA ¶ 35,592; *LGT Corp.*, ASBCA No. 44066, 93-3 BCA ¶ 26,184. Such situations can arise if relevant information concerning the basis for the claim resides with the government, and not the appellant. In *Beechcraft*, for example, the contractor appealed from a government claim alleging that the contractor was noncompliant with the Cost Accounting Standards (CAS). Observing that the government bears the burden to prove a CAS violation and the government was "fully conversant with its own claim," the Board found

2

that the proceedings would benefit from the government setting forth, in an initial pleading, the facts and rationale for its determination of CAS noncompliance. 14-1 BCA ¶ 35,592 at 174,395; *see also, e.g., RO.VI.B. SrL*, ASBCA No. 56198, 09-1 BCA ¶ 34,068 (ordering government to file initial pleading in appeal from default termination); *Hughes Aircraft Co.*, ASBCA No. 46321, 94-2 BCA ¶ 26,801 (ordering government to file complaint in appeal involving allegations of defective pricing). We do not always direct the government to file a complaint in appeals from government claims. Where, for example, the contractor uniquely possessed relevant information about the claim and proceedings would not have been aided by the government filing the initial pleading, we declined to order the government to file the complaint. *See General Dynamics Corp.*, ASBCA No. 49339, 96-1 BCA ¶ 28,244.

This motion presents a twist on *Beechcraft*, in that the contractor is appealing from the denial of a contractor claim, not a government claim, and yet still seeks an order compelling the government to file the complaint. Appellant argues that its claim "relates to the Government's defective pricing claim" for which the government bears the burden of proof, the government is in the best position to set forth the facts and legal arguments to support its defective pricing allegations, and the "proceedings will benefit" from greater efficiency (app. mot. at 4-5).

We agree. Appellant's claim appears to be a defense against the government's allegations of defective pricing, not a separate claim for contract adjustment (R4, tab 29 at 11, Conclusion). Indeed, the Board and the parties are in this unusual posture because the government did not issue a final decision finding defective pricing except in response to the contractor's claim. Moreover, the contracting officer's final decision does not explain in any depth why it rejected the contractor's arguments, except with occasional summary remarks (R4, tab 44). In these particular circumstances, proceedings would be more efficient if the Board could start with a government articulation of the basis for its determination of defective pricing, rather than appellant's speculation about the basis for the government's assertions.

Both the government defective pricing allegations and the contractor's claim appear to spring from the same set of operative facts. This should alleviate the government's concern about having to articulate the underlying basis for the contractor's claim (app. mot. at 3). In any event, the government should only assert the underlying basis for its defective pricing allegations and is not required to plead the contractor's defenses. The appellant should do that in its answer.

3

## CONCLUSION

The Board grants appellant's motion to compel the government to file the complaint in this appeal. The government is directed to file the complaint no later than 30 days following the date of this order. The government should assert the underlying basis for its defective pricing allegations. Appellant's answer shall be due 30 days after receipt of the government's complaint.

Dated: 18 November 2014

ELIZABETH W. NEWSOM
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59374, Appeal of BAE Systems Land & Armaments Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

4